Colonel Don Melton, Director Arkansas State Police #1 State Police Plaza Drive Little Rock, AR 72209
Dear Colonel Melton:
I am writing in response to your request for my opinion on the following questions:
 1. In light of the conclusions reached in previous AG opinions, specifically Ops. Att'y Gen. 2002-141 and 99-237, that there is an exception to the expungement law for applicants for noncertified employment with a school district, can the Arkansas State Police ("ASP") release the expunged information of an applicant or current employee to the school district upon proper request?
 2. Can the same reasoning be applied to applicants for certified positions of the school district under ACA 6-17-410 to allow State Police to release expunged conviction information?
 3. Can the same reasoning also be applied to the following laws to allow ASP to release expunged conviction information for a disqualifying offense on: Childcare workers, 9-28-409; Counselors, 17-27-313; Emergency Medical Technicians, 20-13-1106; Social Work License, 17-103-307; Care workers for the elderly, 20-33-205; Board of Nursing license, 17-87-312; Board of Examiners in Psychology, 17-97-312; Certain State Agencies, 21-15-103; and any other similar language which applies to the release of criminal justice information for noncriminal justice purposes by the ASP or agencies that are required by Arkansas law to obtain a criminal history report?
 4. Is that release of expunged conviction information limited to only offenses that would disqualify the subject from employment under Arkansas law?
 5. May the ASP release expunged conviction information for offenses that would disqualify the subject from employment/licensure under state regulations or local school district regulations?
 6. If it is determined that ASP can release expunged information in certain circumstances, does ASP have a duty to supplement previously released information with expunged information that was on file at the time the initial background check request was made?
 7. If a person requests their own background check (which would not show a sealed record) and later provided that background check to an agency mentioned in the Code sections listed above, is there any way to insure that the individual does not circumvent the requirement of disclosure?
 8. Is there any legal basis under which ASP could release expunged criminal conviction information for noncriminal justice purposes? If so, in what situations?
RESPONSE
With respect to your first question, although the ASP cannot directly release to a school district a criminal background check reflecting a disqualifying expunged conviction, it can and must release this information to the Department of Education, which will then inform the district without elaboration that the applicant is ineligible. A.C.A. §6-17-414(a). I believe the answer to your second question is "yes," again subject to the condition that this information should be disclosed only to the Department of Education. I believe the answer to your third question is likewise "yes," given that each of the recited statutes contains a provision disqualifying from employment individuals who have pleaded guilty or nolo contendere to specified offenses. With respect to your fourth question, although the conditions for release of expungement records are dictated by Arkansas law, in various instances among those conditions is having pleaded guilty or nolo contendere to charges under federal law or the law of another state if those charges are sufficiently similar to disqualifying offenses under Arkansas law. I believe the answer to your fifth question is "no," since the legislature, as opposed to administrative agencies or school districts, has itself defined which expunged convictions will disqualify an applicant for various types of employment or licensure. With respect to your sixth question, the ASP is statutorily obligated to disclose clearly the fact of expunged convictions under certain circumstances. The ASP should consult with its agency counsel to determine whether it has met this obligation in any particular instance. With respect to your seventh question, I believe that if an expunged conviction would disqualify an applicant from employment, the prospective employer should follow the statutory procedure for obtaining the expungement information rather than accepting a report from the applicant that it knows or should know will not record expungements. With respect to your final question, I believe the ASP should disclose the fact of expunged criminal convictions whenever a statute so provides.
Question 1: In light of the conclusions reached in previous AG opinions,specifically Ops. Att'y Gen. 2002-141 and 99-237, that there is anexception to the expungement law for applicants for noncertifiedemployment with a school district, can the Arkansas State Police ("ASP")release the expunged information of an applicant or current employee tothe school district upon proper request?
In my opinion, although the ASP not only can but must release such information to enable district officials to determine whether an applicant is ineligible for employment, the criminal background check itself should not be released directly to the district. Subsection6-17-414(a) of the Code directs the ASP to provide the criminal background check to the Department of Education, which will then inform the district whether the applicant for noncertified employment is eligible.
In Ark. Op. Att'y Gen. No. 2002-141, my predecessor analyzed as follows the issue of when information regarding expunged convictions is pertinent and hence subject to disclosure:
 I have previously concurred with the position of my predecessors that if a statute prohibits certain activities by a person who has "pled guilty or nolo contendere" or has been "found guilty" of certain offenses, that statutory reference to pleading guilty or nolo contendere has the effect of overriding an expungement. See Op. Att'y Gen. No. 99-237, fn 2. In other words, such statutory language is what is referred to in A.C.A. § 16-90-902 [the expungement statute] by the phrase "unless otherwise specifically provided for by law." My predecessors took the position that such statutory language in effect means that the expungement laws will not apply. Instead, the more specific provisions of the prohibition will control. See, e.g., Ops. Att'y Gen. Nos. 98-007; 96-387; 94-148; 89-093; 89-056. The reasoning that has supported this position is that the legislature, in making specific reference to persons who have pled guilty or nolo contendere (and not merely to persons who were "found guilty" or who had "convictions" on their records), was intentionally including defendants who have not been adjudged guilty and whose records have been expunged. As noted previously, defendants whose records have not been expunged actually have "convictions" (adjudications of guilt) entered on the record, even if they pled guilty or nolo contendere and are deemed to have been "found guilty." If the legislature had intended to exclude those without adjudications of guilt and whose records have been expunged, it would have simply used the words "convicted" or "found guilty" in the applicable statute. (For an explanation of this issue, see Op. Att'y Gen. No. 96-387.) Therefore, it was necessary for the legislature to refer to persons who pled guilty or nolo contendere in order to include persons who were not adjudged guilty and who therefore did not have "convictions" on the record — i.e., persons whose records have been expunged. This interpretation of the reference to pleading guilty or nolo contendere has the effect of assuring that defendants who were not adjudged guilty and whose records were expunged will be included in the particular prohibition. The most prominent example of this office's use of this reasoning can be found in the opinions that have concluded that defendants whose records were expunged are not eligible to become law enforcement officers because of the prohibition stated in A.C.A. § 12-9-106 (which prohibits persons who plead, or who are found guilty of a felony from being law enforcement officers). See Ops. Att'y Gen. Nos. 94-308; 94-148; 89-093; 89-056; 83-217.
 I believe that the same reasoning can be applied in analyzing the issue you have raised. The pertinent provision of A.C.A. § 6-17-414 states:
 (b)(1) No person shall be eligible for employment by a local school district or education service cooperative in a noncertified staff position if that person has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the state of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court: [the statute goes on to list various offenses].
A.C.A. § 6-17-414(b).
 Because the above-quoted statutory language makes specific reference to persons who have "pleaded guilty or nolo contendere" as well as to persons who have been "found guilty," it can reasonably be interpreted as specifically including persons who were not adjudged guilty and whose records have been expunged (as explained above). Again, it should be noted that persons whose records have not been expunged all fall within the category of persons who have been "found guilty," or who have "convictions" on their records, even if they pled guilty or nolo contendere, because adjudications of guilt are entered against them. Therefore if the legislature had intended to prohibit only those persons from being employed by school districts, and not persons whose records were expunged, it would only have referred to persons who were "found guilty." It would not have been necessary for the legislature to have referred to persons who have "pleaded guilty or nolo contendere." The legislature's reference to such persons reflects its intent that expunged defendants, as well as non-expunged defendants, not be employed by school districts.
 For this reason, I conclude that the above-quoted language of A.C.A. § 6-17-414 can reasonably be interpreted to constitute an exception to the expungement laws, and that under this provision, persons whose records have been expunged of the listed offenses are not eligible for employment in non-certified positions with a public school district.
Ark. Op. Att'y Gen. at 4-5. I concur fully with this analysis.
Question 2: Can the same reasoning be applied to applicants for certifiedpositions of the school district under ACA 6-17-410 to allow State Policeto release expunged conviction information?
In my opinion, "yes," subject to the understanding that the criminal background check may be released only to the Department of Education, which is responsible for the licensing. Subsection 6-17-410(c) of the Code (Supp. 2001) provides in pertinent part:
 The board shall not issue a first-time license or renew an existing license and shall revoke any existing license not up for renewal of any person who has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court, but only after an opportunity for a hearing before the board upon reasonable notice in writing.
(Emphasis added.) The highlighted language is the same as that applied by my predecessor in his analysis in Ark. Op. Att'y Gen. No. 2002-141, and the conclusion regarding the disclosability of such information should likewise be the same. In my opinion, upon proper request, the ASP should release expunged conviction information relating to the itemized offenses.
Question 3: Can the same reasoning also be applied to the following lawsto allow ASP to release expunged conviction information for adisqualifying offense on: Childcare workers, 9-28-409; Counselors,17-27-313; Emergency Medical Technicians, 20-13-1106; Social WorkLicense, 17-103-307; Care workers for the elderly, 20-33-205; Board ofNursing license, 17-87-312; Board of Examiners in Psychology, 17-97-312;Certain State Agencies, 21-15-103; and any other similar language whichapplies to the release of criminal justice information for noncriminaljustice purposes by the ASP or agencies that are required by Arkansas lawto obtain a criminal history report?
In my opinion, "yes." Each of the recited statutes recites as a mandatory or possible disqualification from employment having pleaded guilty or nolo contendere to or having been found guilty of various specified offenses. Accordingly, upon proper request, the ASP should release expunged conviction information relating to those offenses, subject again to the qualification that the ASP should assure itself, possibly in consultation with its agency counsel, that it is releasing the information to the statutorily authorized recipient.
Question 4: Is that release of expunged conviction information limited toonly offenses that would disqualify the subject from employment underArkansas law?
Your question is somewhat ambiguous. Read literally, your question should be answered "yes": Arkansas law controls in defining what expunged convictions would disqualify an individual from employment. However, as illustrated in the excerpt from A.C.A. § 6-17-410(c) recited in my response to your second question, various statutes dictate that having pleaded guilty or nolo contendere in federal court or in a court of another state to an offense similar to those listed as disqualifying employment under Arkansas law will likewise disqualify a candidate from employment, subject to the condition that the applicant has the right to a hearing. The ASP should consult with its agency counsel if there is any doubt as to whether disclosure is warranted in any given case. However, as a general proposition, I believe it would be improper to disclose the fact of an expungement unless that information in itself would disqualify the applicant from employment under Arkansas law.
Question 5: May the ASP release expunged conviction information foroffenses that would disqualify the subject from employment/licensureunder state regulations or local school district regulations?
In my opinion, the answer to this question is "no." I do not believe the legislature has authorized the release of information regarding expunged convictions based upon state or local school district regulations. Section 16-90-902 of the Code (Supp. 2001) provides:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
As reflected in your third question, the legislature has specifically identified a series of sensitive jobs that an individual may not hold if he or she has an expunged conviction of various specified crimes. In my opinion, in enacting these limited exceptions to the rule that an expunged conviction "shall be deemed as a matter of law never to have occurred," the legislature has foreclosed any expansion of the exceptions by other entities. The legislature's action in defining these positions and offenses thus precludes a state agency or school district from expanding the scope of either the applicable positions or disqualifying offenses.
Question 6: If it is determined that ASP can release expunged informationin certain circumstances, does ASP have a duty to supplement previouslyreleased information with expunged information that was on file at thetime the initial background check request was made?
This question in somewhat confusing in that the term "can release" suggests that the ASP has some measure of discretion regarding the information it releases. Various statutes dictate the circumstances under which the ASP is obligated to release information. I can only advise that the ASP consult with its agency counsel on a case-by-case basis in order to determine whether it has met its disclosure obligations.
Question 7: If a person requests their own background check (which wouldnot show a sealed record) and later provided that background check to anagency mentioned in the Code sections listed above, is there any way toinsure that the individual does not circumvent the requirement ofdisclosure?
I assume that if an agency knows that an expungement constitutes a disqualification from employment, it will not accept from a candidate a background check that will necessarily fail to disclose any expungements. I believe such agencies should adopt a policy of requesting background checks through whatever entity is statutorily authorized to receive the information from the ASP. With respect to the issue of potential exposure, I do not believe the ASP would bear any responsibility for what an individual does with his own background check.
Question 8: Is there any legal basis under which ASP could releaseexpunged criminal conviction information for noncriminal justicepurposes? If so, in what situations?
As reflected in your third question, the ASP is required by statute to disclose the fact of expunged convictions in response to certain specified requests. I believe the ASP is obligated to release this information if a statute mandates doing so. Without such statutory authorization, I do not believe the ASP should release the information.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh